UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| James Raulsten, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | C.A. No.02:07-cv-121 |
| | § | |
| Procollect, Inc., et al., | § | |
|     Defendants. | § | |

## OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT

Defendants have filed a Motion for a More Definite Statement under Rule 12(e) of the Federal Rules of Civil Procedure (D.E. 11). With respect to paragraphs 25, 27, and 28, defendants argue that plaintiffs should be ordered to specify which exact sections of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.) and the Texas Debt Collection Act (TEX. FIN. CODE § 392) they allege defendants to have violated.

An order for a more definite statement is appropriate only where a pleading is so vague or ambiguous that the opposing party cannot respond in good faith with even a simple denial under Rule 8(b). FED. R. CIV. PRO. 12(e); WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, Civil 3d § 1376 (2004). Such orders are disfavored, and should not used as substitutes for discovery. *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959).

While the Fifth Circuit has no stated rule, Courts in other Circuits have held that the heightened pleading standard of Rule 9(b)—an exception to the notice pleading standard of

Rule 8—does not apply to actions under the Fair Debt Collection Practices Act. *Neild v. Wolpoff & Abramson, L.L.P.*, 453 F.Supp.2d 918, 923–24 (E.D.Va. 2006); *Nance v. Ulferts*, 282 F.Supp.2d 912, 919 (N.D.Ind 2003).

The plaintiffs have plead facts sufficient to satisfy Rule 8(a). Defendant's Motion for a More Definite Statement (D.E. 11) is DENIED.

Ordered this 22nd day of May, 2007.

_____
HAYDEN HEAD
CHIEF JUDGE